## Barber and others, pet'n'rs, *vs.* Andover.

The legislature may authorize the laying out of a common public highway over a road made by a turnpike corporation, and the taking of the franchise of the corporation for that purpose ; notwithstanding the charter of the corporation is still in force, and the corporation in possession of the road constructed by virtue of it ; provided compensation is made to the corporation for their property thus taken for public use.

But the statutes authorizing selectmen, and the courts of common pleas, to lay out highways, do not confer the power to lay out a highway over such turnpike road.

PETITION for a highway in the town of Andover, alleging that the selectmen of said town had refused to lay out the same.

The committee appointed by the court of common pleas, upon said petition, made a report laying out the highway.

It appeared that a portion of said highway was laid over " the Fourth turnpike road in New-Hampshire," and damages were assessed to the turnpike corporation. The charter of said corporation was granted in 1800, and empowered the corporation to survey, lay out, make, and keep in repair a turnpike road ; and for that purpose to take the land of individuals ; and if the parties could not agree on the compensation to be paid, it was to be ascertained by a committee to be appointed by this court—and said corporation were authorized to erect gates, and take tolls. The charter contained a proviso, that after the term of forty years the state should have the privilege of repaying the corporation the sums expended, with twelve per cent. interest, deducting the tolls received, in which case the road was to become the property of the state.

The town of Andover objected to the acceptance of the report—

1. Because said highway is laid out over and upon a part of said Fourth New-Hampshire turnpike road, and purports

to extinguish the rights of the corporation over about four miles of the same.

2. Because by said report the whole burthen of paying for said corporate franchise is thrown upon said town of Andover, when by law said town is liable only to pay damages to the owners of the land over which any public highway may pass.

3. Because a corporate franchise, such as is constituted by the act aforesaid, cannot be extinguished in any other way than that provided by the act itself.

The questions arising on these exceptions were reserved for the determination of this court.

*I. Bartlett*, for the petitioners.

*Joseph Bell*, for Andover.

PARKER, J.   We have no doubt that the legislature may authorize the laying out of a common public highway over a road made by a turnpike corporation, and the taking of the franchise of the corporation for that purpose ; notwithstanding the charter of the corporation is still in force, and the corporation in possession of the road constructed by virtue of it ; provided compensation is made to the corporation for their property thus taken for public use.

It is true that the public have the right to the use of such turnpike road, under certain restrictions and limitations ; but the public may require a further use of it, in a different manner ; and there is nothing in the nature of the grant to the corporation, or in the use of the property, which should prevent the public from taking it for use in such different manner, if the public exigencies require it.

The reasons upon which this opinion is founded are so fully stated in *The Piscataqua Bridge* vs. *The New-Hampshire Bridge*, 7 *N. H. Rep.* 35, that it is unnecessary to consider the subject more at large at this time.

But we find in the statutes authorizing selectmen and the courts of common pleas to lay out highways, nothing to justify them in taking property of this character for the purpose of laying out a common public highway. The whole tenor of the act authorizing them to lay out highways seems to show that it was not in the contemplation of the legislature to empower them to interfere in cases where the legislature had given to a corporation a special grant of authority to construct a way, and take tolls for the use of it ; but the only provision for the assessment of damages, enacting that damages shall be assessed to the owners of the land, indicates that such a power was not intended to be conferred.

We are of opinion, therefore, that the exceptions to the report of the committee are fatal, and that the report must be rejected by the court of common pleas.