## PEIRCE & a. *vs.* SOMERSWORTH & a.

The court of common pleas may accept the report of a committee, so far as it lays out a part of a highway, and reject it for the residue.

By the statute of July 2, 1838, the easement or franchise of any corporation, or any part thereof, may be taken, when necessary, for a public highway.

Where a highway is laid over a turnpike road, and the easement or franchise of the corporation is taken, it is not necessary to notify the owners of the land over which the turnpike road was established. Having been paid for a perpetual easement, or right of passage, for the public, they have no claim for further compensation, merely because the right of passage is discharged from a tax or toll.

But if any interest belonging to the owners of the land is taken, they are entitled to notice, and damages.

A highway may be laid over land occupied by a building. There is nothing in the nature of such property to exempt it from the public servitude, or from the power of eminent domain.

Where the charter of a corporation imposes the duty of making stated returns of the expenditures and profits, the government alone can enforce a forfeiture for a neglect of the duty.

In a suit against a corporation, or a proceeding affecting its corporate property, the shareholders have no right to notice, individually.

Where a public highway is laid over a turnpike road, a part of the expenses may be charged upon the county, under the statute of July 2, 1831, if it is too burdensome to the towns through which it passes, in the same manner as if no road had previously existed. The estimated cost to each town should, therefore, be stated in the report.

If, in the assessment of damages to a corporation, there is a variance from the corporate name, but sufficient appears to show clearly what corporation is intended, it is sufficient.

PETITION for a highway, in the towns of Somersworth and Dover. The committee reported, "that after making all the examination requested by each and all of the said parties, and after hearing the several proofs and allegations of the parties, both in favor and against said petition, the committee were unanimous in the opinion that the public good did require that a public highway should be laid out, agreeably to the prayer of said petition. The committee therefore proceeded and laid out a new highway, four rods in width, upon the Dover Turnpike road, as now travelled, the following described line being the centre of said road, and as near as the present survey will agree with the original laying out of said turnpike, reserving to the proprietors of said turnpike their toll house, standing in part within the said limits of four rods, and also reserving all other buildings that may stand in part within said limits—Beginning at," &c.

The committee awarded to Dover Turnpike corporation the sum of two thousand one hundred thirty-two dollars—one thousand sixty-six dollars to be paid by the town of Dover, and one thousand sixty-six dollars to be paid by the town of Somersworth.

Upon the return of the report, the town of Somersworth, also one of the proprietors of the Dover Turnpike Road, and certain of the owners of the land over which said highway is laid out, objected to the acceptance of the report—1. That the committee never gave any notice, nor have awarded any damages to the owners of the land over which they have laid out said new highway.

2. That said highway, as laid out, passes over, or em-

braces within its limits, the sites or parts of the sites, of several stores, dwelling-houses and other buildings, belonging to individuals, to whom no damages are awarded.

3. That damages to a large amount, (and the only damages that are awarded by said committee,) are awarded to the proprietors of the Dover Turnpike corporation, who never owned the land over which the highway is laid out, and who, if they ever had any interest in the same, had only an easement or franchise of constructing, maintaining and continuing a turnpike thereon; which easement or franchise they have forfeited and lost by neglecting to lay before the superior court of judicature, once in ten years after the setting up of a toll gate, an account of the expenditures upon said road or turnpike, and of the profits arising from the same, as required by their act of incorporation.

4. That the court have no power to take from said corporation its franchise, in the manner proposed by this report, without the consent of all of its members, and without any notice to them.

5. That said committee have not stated in their report what sum, in their opinion, it will cost each of the towns of Dover and Somersworth to build and make the new highway.

6. That it does not appear by the report, or in any other way, that the corporation to which the committee have awarded $2162 damages, have any interest in the land over which the committee have laid the new highway.

The corporation which constructed and owns the turnpike road, is named in the charter, The Proprietors of the Dover Turnpike Road in New-Hampshire.

The case was thereupon transferred to this court, for the consideration of the exceptions.

*Hale & Woodman,* for the petitioners.

*Marston & Christie,* for the respondents.

PARKER, C. J.   Had it appeared, in this case, that the highway, as laid out by the committee, extended over any land not within the limits of the turnpike road ; an exception, that the owner of such land had not been notified and had an opportunity to be heard, would have been fatal to the acceptance of the report, at least so far as it deviated from the land previously taken by the turnpike corporation.   The court might have accepted the report, except so far as it extended over such land, and rejected it for that part, if the case appeared to be one that admitted and required such a course ; but the usual practice has been to recommit the report, where any land-holder has not had notice.   The court of common pleas in its discretion may accept the report of a committee, so far as it lays out a part of a highway, and reject it for the residue.   That principle is not usually applied in a case where it appears that the road is laid over the land of an individual who has not been notified, the usual practice being in such case to recommit the report.   Probably it might be done, if a case should occur which seemed to require the exercise of such a discretion, notwithstanding two sections of highway, with no intervening communication, should thereby be established ; but the reasons must be very strong which would justify such a course.   The objection would be less strong, where it appeared that the land of the owner not notified extended only a small part of the way across the highway as laid, and that the road might be opened and used without any necessity of occupying such land for the convenience of the public travel ; the only effect of a rejection of that part of the report being to narrow, somewhat, the bounds of the public easement.

But in this case it does not appear that the property of any person is taken, who has not had previous notice of the proceedings.   It does not appear that the highway, as laid by the committee, extends beyond the bounds of the turnpike road in any place ; and if it does not, the proceedings are well enough, in this respect.   Since the decision in *Bar-*

Peirce *v.* Somersworth.

*ber* vs. *Andover*, 8 *N. H. Rep.* 398, the legislature have made provision by which the easement or franchise of any corporation, or any part thereof, may be taken, when necessary, for a public highway. *Act of July* 2, 1838 : 2 *N. H. Laws* 348.

There was no necessity for notifying the owners of the land over which the turnpike road had been previously laid. The establishment of that road gave the corporation an easement in the land thus taken for the public travel ; and if the highway is laid over the same ground only, nothing is taken by it but that easement. The easement, in which the turnpike corporation had a private interest, but which was devoted to the use of the public, subject to the payment of a toll to the corporation, is taken, by the highway, for the public use, discharged and exempted from the toll ; but in this matter the owners of the land, over which the turnpike road passed, have no interest. They are not damnified by the change. The turnpike corporation had taken, and held, a perpetual right of passage for the public. The conversion of this into a free right of passage ; or, in other words, the taking of this easement and franchise for the free use of the public, is a damage to the corporation, but the rights of the land-holders have thereby undergone no change. If it is said that, on a discontinuance of the turnpike road, the owners would have held the land discharged from the easement, the answer is, that the turnpike road is not discontinued, in any proper sense of that term, although the proceedings may operate a dissolution of the corporation. The easement of the turnpike corporation is purchased by the public, in order that the use may be free, instead of being subjected to a burden. So far as the owners of the land are concerned, it is a substitution of a public right, for a right previously existing, partly public and partly private, but which was co-extensive, in its limits and duration, with that which is substituted. If a discontinuance of the turnpike road would have restored the owners to the possession of the

land, so will a discontinuance of the highway; and there is nothing to show that the one is more likely to happen at an early day than the other. If there was, it would not alter the nature of the property. The owners have been paid for a perpetual easement, or right of passage for the public, and have no claim for further compensation merely because this right of passage is discharged from a tax upon it, to the corporation.

Upon the second objection, that the highway as laid out embraces within its limits the sites, or parts of the sites, of several buildings belonging to individuals, to whom no damages are awarded, the facts do not sufficiently appear. The committee report that they have laid out a road four rods in width, &c., reserving to the proprietors of the turnpike road their toll house, standing in part within the said limits of four rods, and also reserving all other buildings that may stand in part within said limits. Whether there are any other buildings, except the toll house, within the limits of the road, is not stated in the report; nor, if there are, is there any evidence to show under what circumstances they were put there. The committee, it would seem, intended to lay the highway upon the turnpike road; and if there are buildings belonging to third persons, which have been placed partially upon that road, without any authority, and which are in fact unlawful incumbrances upon it, the land, or the easement of the corporation, might, perhaps, lawfully be taken for the highway, without any damages to the owners of such buildings. In that case a reservation of the buildings to the owners, meaning thereby to be understood that they might remove them, would not be exceptionable. But if buildings are lawfully upon the land, by any arrangement between the turnpike corporation and the land-owners, the easement of the corporation, thus far, may be extinguished; and it is not perceived by what authority that part of the land occupied by the buildings is to be taken for a highway, without damages to the owners of the buildings, notwith-

standing the buildings are reserved. If they are within the limits of the highway, and the owner does not remove them, they may be removed by competent authority ; or, if maintained there, to the obstruction of the public, the owners might be indicted for a nuisance. If it was the intention of the committee to exclude so much of the four rods in width, as is occupied by buildings, from the limits of the highway, that might be done, provided what remained was sufficient for the public accommodation ; but if such was the intention, it certainly does not clearly appear, and the report ought to be amended upon this point.

It has been suggested in the argument that the court of common pleas cannot lay out a highway where a building is situated ; but this position cannot be maintained. A building has no greater immunity, in this respect, than a fence. Each is a structure, erected or maintained by the owner, for the purposes for which it is appropriate. The one may be of greater value and consequence than the other, and thus require greater damages to be assessed ; but there is nothing in the use, or in the nature of the property, to exempt it from the public servitude, or the power of eminent domain.

The third objection cannot be taken by these respondents ; and its truth, therefore, need not be inquired into here. The turnpike corporation was duly constituted, have constructed the road, and are in the full occupation of the franchise and easement. If they have neglected to comply with any provisions of the charter, imposing upon them the duty of making subsequent returns, a forfeiture can be enforced by the government alone. If the government waive the right to exact a forfeiture, individuals cannot show and rely upon it. *Angell & Ames on Corporations* 510, *and authorities cited ;* 5 *Johns. Ch. Rep.* 366, 381, *Slee* vs. *Bloom ;* 6 *Cowen's R.* 23, *Trustees of Vernon Society* vs. *Hills ;* 7 *Conn. R.* 46, *Enfield Toll Bridge Co.* vs. *Connecticut River Co. ;* 5 *Mass. R.* 232, *Commonwealth* vs. *Union Insurance Co.*

With respect to the fourth objection, it is only necessary

to say, that in a suit against a corporation, or a proceeding affecting its corporate property, the individual share-holders are not known, and have no claim to individual notice. Damages could not be assessed, in this case, to the stockholders in the turnpike corporation. They have notice, and may be heard, through the agents of the corporation.

The fifth objection is founded upon the statute of July 2, 1831 ; which provides, that whenever any committee, appointed by the court of common pleas to examine the ground proposed for any new highway, shall judge it expedient to lay out such proposed highway, they shall state in their report what sum in their opinion it will cost each town through which it passes, to build and make it. This is to be done in order that the court may have information, necessary to enable them to judge whether a part of the expenses ought not to be borne by the county, for which provision is made in certain cases by the same act. 2 *N. H. Laws* 38. There seems to be no reasonable doubt that this is a new highway, within the meaning of that act, so that a part of the expenses might be charged upon the county, if it appeared that they were too burdensome upon either town. It is urged, on behalf of the petitioners, that the road is already made, and in a condition to accommodate the public travel, and that there is a sufficient compliance with this statute in the assessment of the damages to the turnpike corporation, as these damages comprise the whole cost of it. If this appeared, affirmatively, it would be sufficient. No particular form is required in which the statement of the cost is to be made. As the report must be recommitted to the committee, on the second objection, this matter may readily be made certain, if it is not already so.

The remaining exception is founded upon a variance between the name of the corporation, as established by the charter, and the name stated in the report of the committee, in the assessment of the damages. But this variance is not material. The committee award damages to Dover Turnpike

corporation ; but there is no difficulty in understanding that by this description is intended the corporation having, by their charter, the name of the Proprietors of the Dover Turnpike Road in New-Hampshire. It is not suggested that there is any other Dover Turnpike road, or Dover Turnpike corporation. There can be no difficulty, therefore, in the payment and discharge of the damages. The corporation intended is not to be mistaken. 7 *N. H. Rep.* 309, *Souhegan Factory* vs. *McConihe ; Newport Mechanics' Man. Co.* vs. *Starbird, ante* 123.

*Remanded to the common pleas, for further proceedings.*